IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM ROGER HANCOCK, | } | |
| TDCJ-CID NO. 506737, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION NO. H-07-3316 |
| SUZANNE SMITH NORRIS, *et al.*, | } | |
| Defendants. | } | |

OPINION ON DISMISSAL

Plaintiff William Roger Hancock, a state inmate, filed this complaint for violation of his civil rights under 42 U.S.C. § 1983 against Suzanne Smith Norris, the complaining witness in his criminal trial, Beth McGregor, his appointed trial counsel, Christy Kim, a former laboratory technician at the City of Houston Crime Lab, Mr. Bolding, the Director of the City of Houston Crime Lab, and the City of Houston Police Department Crime Lab. (Docket Entry No.7). Plaintiff also seeks to proceed *in forma pauperis*. (Docket Entry No.2). The Court will grant plaintiff's application to proceed as a pauper and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Plaintiff was convicted of aggravated sexual assault in the 209th District Court of Harris County, Texas in cause number 496299. *Hancock v. State*, No.01-89-0138-CR, 1990 WL 41592 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd) (opinion not designated for publication). After finding an enhancement paragraph true, the jury assessed punishment at confinement for life in the Texas Department of Criminal Justice-Correctional Institutions Division. *Id.* Plaintiff's conviction was affirmed on direct appeal and his petition for discretionary review was refused. Texas court website. Plaintiff has not sought post-judgment collateral relief from this conviction in state or federal court.

In the pending complaint, plaintiff seeks compensatory and punitive damages from defendants on the following grounds:

1. Complainant Suzanne Smith Norris committed fraud and perjury when she accused him of sexual assault and when she testified to the same at trial;

2. Plaintiff had a conflict of interest with trial counsel Beth McGregor because she was an ex-prosecutor and one of two lawyers under contract to the 209th State District Court, where Judge Michael T. McSpadden handled all court-appointed cases;

3. City of Houston Crime laboratory technician Christy Kim committed perjury when she testified that all tests were inconclusive, including ones performed on a bedspread and two wash rags. She also fabricated false evidence and documents;

4. Mr. Bolding supervised Christy Kim at the City of Houston Crime Laboratory and had knowledge of her conduct;

5. The City of Houston Crime Laboratory destroyed evidence in plaintiff's case that would have exonerated him.

(Docket Entry No.7).

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from

it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 127 S.Ct. at 1974; *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations.  *Twombly*, 127 S.Ct. at 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

3

DISCUSSION

In evaluating plaintiff's claims, the Court initially notes that the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In *Heck*, the Supreme Court held that a plaintiff who seeks to recover damages under section 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *Id.* at 486.  In this case, plaintiff has not shown that his conviction has been reversed, invalidated or otherwise called into question and, with the exception of his claim against Mr. Bolding, a favorable judgment on his claims would necessarily imply the invalidity of his conviction.  Therefore, all of plaintiff's claims, except those against Mr. Bolding, are subject to dismissal pursuant to *Heck*.

Plaintiff's claims, including his claims against Mr. Bolding, are also subject to dismissal on the following grounds:

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements:  that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).  A court-appointed attorney, like Beth McGregor, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  *See Polk County v.Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff states no facts to indicate that McGregor acted outside the traditional functions of a criminal trial attorney.  For this reason, plaintiff's claims against Beth McGregor, his court-appointed attorney, are unamenable to suit under § 1983.  *Id.*

Plaintiff's claims that witnesses Suzanne Smith Norris and Christy Kim committed perjury and fraud by their testimony at trial are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) (iii).  Witnesses are shielded by absolute immunity from liability for their allegedly perjurious testimony.  *Briscoe v. LaHue*, 460 U.S. 325, 346 (1983).  Plaintiff's claim that Kim falsified evidence is also subject to dismissal because it is conclusory.

In addition, plaintiff's claim against Mr. Bolding, the Director or Supervisor of the Houston Police Department's Crime Laboratory, has no legal support under 42 U.S.C. § 1983.  Plaintiff states no facts to show that Bolding had any personal involvement in the analysis of evidence in plaintiff's case or the alleged destruction of evidence.  *See Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) (personal involvement is an essential element of a civil rights cause of action); *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992) (each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation).  Therefore, plaintiff's claims against Bolding are subject to dismissal for failure to state a claim.

Plaintiff's claims regarding the mistakes made by the City of Houston Police Department's Crime Lab are also subject to dismissal.  In Texas, a department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991).  Plaintiff bears the burden of showing that a city or county department has the capacity to be sued.  *Id*. at 314.  Plaintiff does not allege

nor does he demonstrate that the City of Houston Police Department or the City of Houston Police Department's Crime lab are separate legal entities having jural authority. Accordingly, plaintiff fails to state a claim on which relief may be granted against these departments.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application reflects that he is unable to pay the filing fee of $350.00. Therefore, the Court GRANTS plaintiff's application to proceed as a pauper (Docket Entry No.2) and ORDERS the institution having custody of plaintiff to deduct twenty per cent (20%) of each deposit made to plaintiff's inmate trust fund account, when the account exceeds $10.00, and forward payments to the Court on a regular basis, until the filing fee obligation of $350.00 is paid in full.

2. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 15th day of January, 2008.

                                          MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE